## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

**Derek Skellchock, Pro Se, and**

**VeteranHope.org,**

**on behalf of**

**the United States of America,**

**and on behalf of other veterans**

**under similar circumstances**

—————————————————
Plaintiffs,

and

**Judge Laurie Kauzie Dean, et al.,**

**to include**

**Judge Susan Blanco,**

**Magistrate Kandance Majoros,**

**Judge Juan G. Villasenor,**

**Magistrate Jolstad, and**

**The State of Colorado**

—————————————————
Defendants.

Case No.

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
3:46 pm, Apr 02, 2024
**JEFFREY P. COLWELL, CLERK**

# Class Action Suit
# to Enforce
# Due Process of Law

**Jury Trial**  | X |

1

# I. FEDERAL QUESTIONS

1) Whether state judges are BOUND by Positive Law 38 U.S.C. § 511 pursuant to Article I § 8 of the Constitution, thereby REQUIRED to OBEY the federal preemption of state jurisdiction found in § 511.

2) Whether state judges are BOUND by Positive Law 38 U.S.C. § 5301 pursuant to Article I § 8 of the Constitution, thereby REQUIRED to OBEY § 5301 to the letter because § 511 eliminates the possibility of jurisdiction to undermine VA decisions or disobey § 5301, which is clearly intended to protect beneficiaries from the extraction of money by assignment, seizure, garnishment, harassment, contempt or jail.

3) Whether the Defendant Judges and Magistrates are personally liable in their Individual Capacity for violation of federal preemption that was established over 30 years ago by the Veterans Judicial Review Act (VJRA) Pub. Law 100-687 (1988) which definitively closed both of the loopholes found in 38 U.S.C. § 211 by the Supreme Court decision in *Rose v. Rose,* 481 U.S. 619 (1987).

4) Whether the Defendant State is liable in a suit for damages because of the predatory discrimination against a disabled veteran.

5) Whether the Defendant Judges, Magistrates and the State itself should be held liable for the violation of Rights under the color of state law and in the complete absence of all jurisdiction on the subject matter of Title 38.

## II.  PARTIES

**Plaintiffs:**

Derek Skellchock,  ... Pro Se          and          VeteranHope.org
16316 Saint Paul St.                                        c/o Director Robert Terrien
Thornton, CO 80602                                     PO Box 7213
(719) 304-1500                                            Tacoma, WA 98417
das7674@hotmail.com                              253-499-5805
                                                                   Bob@VeteranHope.org

**Class:** Thousands of veterans under similar circumstances are dying every year by poverty or

suicide because they are illegally stripped of their benefits by the predatory misconduct

of state judges and officials who corrupt the law for profit. When the veterans die by

poverty or suicide, their dependent family members usually go right back on welfare.

**Defendants:**        *(They all share the same building except for the State itself)*

1) Judge Laurie Kauzie Dean          ☒ Individual Capacity          970-494-3720

2) Judge Susan Blanco                     ☒ Individual Capacity          970-494-3620

3) Judge Juan G. Villasenor            ☒ Individual Capacity          970-494-3610

   8th Judicial District
   201 La Porte Avenue, Suite 100,
   Fort Collins CO 80521

4) Magistrate Kandance Majoros      ☒ Individual Capacity          970-494-3540

5) Magistrate Jolstad   (Larimer County)  ☒ Individual Capacity      (retired)
   Larimer County
   201 La Porte Avenue, Suite 100,
   Fort Collins CO 80521

6) The State of Colorado , c/o Secretary of State Jena Griswold
   1700 Broadway, Suite 550
   Denver, CO 80290
   303-894-2200

3

## III.   BASIS FOR FEDERAL JURISDICTION

1)   Federal Question Jurisdiction under 28 U.S.C. § 1331 is established by presentation of questions based exclusively on the Constitution and Laws of the United States.
**This is a Life and Death Matter for thousands of disabled veterans all across the country because they cannot defend themselves against judges and officials who refuse to OBEY the Law.**

2)   The Cause of Action to enforce positive law 38 U.S.C. § 511 and § 5301 is found in the plain text of these statutes pursuant to Article I, § 8 cls. 1, 12-13 of our Constitution. Based on the Fourteenth Amendment and 42 U.S.C. § 1983, et al., this Court has a duty to answer the federal questions raised and protect the Rights of the Plaintiff.

   a)   According to 1 U.S.C. § 204, the text of Positive Law "shall be legal evidence of the laws … in all the courts of the United States, the several States, ..."

   b)   These particular statutes PROVE the Clear and Unmistakable Intent of Congress to protect beneficiaries by the Federal Preemption of ALL potential jurisdiction to interfere with benefits provided by VA decisions.

   c)   As of Pub. Law 85-857, §1, (1958) 72 Stat. 1105, Title 38 became Positive Law.

   c)   Federal Preemption is expressed by statute and implied by the nature of Title 38 in relation to military service under the power of Congress to "[t]o raise and support Armies" and "[t]o provide and maintain a Navy." §8, cls. 1,12–13.

   "Held: By ratifying the Constitution, the States agreed their sovereignty would yield to the national power to raise and support the Armed Forces. Congress may exercise this power to authorize private damages suits against nonconsenting States, as in USERRA." *Torres v. Texas Department of Public Safety,* 597 U.S. ___ (2022) .

4

# IV.   INDISPUTABLE PROOF OF PREEMPTION

1)    All by itself, the plain language of 38 U.S.C. § 511 eliminates the possibility of outside

       jurisdiction to interpret any part of Title 38 or do anything that might affect the

       provision of benefits to ANY veteran, dependent or survivor of the veteran.

> 38 U.S. Code § 511
>    "(a) **The Secretary shall decide all questions of law and fact** necessary to a
>    decision by the Secretary under a law **that affects** the provision of benefits
>    by the Secretary **to veterans or the dependents or survivors of veterans.**
>    Subject to subsection (b), **the decision** of the Secretary as to any such
>    question shall be final and conclusive and **may not be reviewed by any
>    other official or by any court,** whether by an action in the nature of
>    mandamus or otherwise.
>    (b) The second sentence of subsection (a) does not apply to—
>    (1) matters subject to section 502 of this title;
>    (2) matters covered by sections 1975 and 1984 of this title;
>    (3) matters arising under chapter 37 of this title; and
>    (4) matters covered by chapter 72 of this title."            (emphasis added)

2)    Over 30 years ago, the Veterans Judicial Review Act (VJRA) Pub. Law 100-687 (1988)

       definitively closed the loopholes found by the Supreme Court in *Rose v. Rose* (supra).

       In 1987, the Court found that the EXACT words of 38 U.S.C. § 211, it did not happen to

       give the Administrator "exclusive jurisdiction" or "clearly preempt state jurisdiction," so

       in 1988, Congress changed the EXACT words of § 211 to correct that problem.

Exhibit "A" shows the language of  38 U.S.C. § 211 in place at the time of *Rose v. Rose.*

Exhibit "B" shows the holding in *Rose* and describes the loopholes in § 211.

Exhibit "C" shows the amendment of § 211 which closed the loopholes revealed in *Rose*.

Exhibit "D" shows § 211 after the VJRA clearly preempting state jurisdiction.

       **According to the Supremacy Clause and 1 U.S.C. § 204, the direct amendment of**

       **positive law § 211 became the Supreme Law of the Land, therefore BINDING upon**

       **ALL judges in every state by the clear federal preemption of state jurisdiction.**

# V.   ENFORCEABLE RIGHTS OF THE PLAINTIFF

1)    All by itself, the plain language of 38 U.S.C. § 5301 makes it clear that the Plaintiff has

an enforceable Right to protection from any kind of interference with his benefits.

In *Rose v. Rose,* the Court poked a hole in § 3101 based on an "implied exception"

because of the loopholes in § 211, but when the VJRA closed those loopholes, it also

closed the "implied exception" hole in § 3101.

> 38 U.S. Code § 5301(a)
> "(1)  Payments of benefits due or to become due under any law administered by
> the Secretary ***shall not be assignable except to the extent specifically
> authorized by law,*** and such payments made to, or on account of, a
> beneficiary shall be exempt from taxation, shall be ***exempt from the claim of
> creditors, and shall not be liable to attachment, levy, or seizure by or under
> any legal or equitable process whatever, either before or after receipt by the
> beneficiary.*** The preceding sentence shall not apply to claims of the United
> States ...  shall not be construed to prohibit the ***assignment of insurance***
> otherwise authorized under chapter 19 of this title, or of servicemen's
> indemnity."
>
>                                                                    (emphasis added)

2)    The expression "due process of law" means that, regardless of the nature of proceedings

that bring the Plaintiff into state court, the Defendants must OBEY the federal laws that

are clearly intended to protect the Individual RIGHTS of the Plaintiff.

See *Blessing v. Freestone,* 520 U.S. 329 (1997).

> "(a) A plaintiff seeking § 1983 redress must assert the violation of a federal right,
> not merely of federal law. *Golden State Transit Corp. v. Los Angeles,* 493 U. S.
> 103, 106. Three principal factors determine whether a statutory provision creates a
> privately enforceable right:
>     (1)   whether the **plaintiff is an intended beneficiary of the statute;**
>     (2)   whether the plaintiff's asserted interests are not so vague and amorphous
>           as to be beyond the competence of the judiciary to enforce; and
>     (3)   whether **the statute imposes a binding obligation on the State."**
>                                          *Blessing* at 330. (emphasis added)

# VI.   STATEMENT OF THE CASE

In all of my interactions with the Defendants named above, I have respectfully asserted my federal Rights established by VA decisions and the federal preemption of state jurisdiction.

The Defendants insist on taking my benefits and retaliating against me for asserting my constitutional rights. They are damaging my relationship with my son to pressure me into giving up my rights, benefits, and privacy.

On March 22, 2024, Defendant Judge Villasenor forcefully ordered me to disclose my service connected medical conditions in open public court just to humilliate and manipulate me. He violated my Right to privacy of that information established by 38 U.S.C. § 511, the ADA, HIPPA and the Privact Act, as well as the Fourth, Fifth and Fourteenth Amendments.

1)      The Defendants are fully aware of the FACT that I have ZERO income from work because I am a 100% unemployable disabled veteran with only VA benefits to live on.

2)      They are also fully aware of the FACT that 38 U.S.C. § 511 eliminates the possibility of state jurisdiction to question, or to ignore the legally established FACT of Disability.

3)      They are fully aware of the FACT that 38 U.S.C. § 511 eliminates the possibility of jurisdiction to interfere with benefits provided by VA decision.

4)      They are fully aware of the FACT that 38 U.S.C. § 5301 establishes an enforceable Right to protection from the extraction of money from VA benefits by assignment, garnishment, seizure, contempt or jail, because § 511 clearly preempts state jurisdiction.

5)      They also know that canceling my driver license, or any other form of harassment to manipulate me, is also a violation of federal rights by the violation of federal preemption.

6)      They have knowingly and willfully taken advantage of me because of my disability and have continued to abuse me by using parental alienation from my son.

**7)      They simply refuse to OBEY the Supreme Law of the Land.**

# VII.  Relief

1)      This Court has a duty to issue Declaratory Judgment by affirmative
answer to all of the Questions presented above because the Defendants are
indeed BOUND by federal law pursuant to the Constitution, thereby
REQUIRED to OBEY the statutes intended to protect my rights from their
misconduct.

2)      This Court has a duty to hold each one of the Defendants personally
liable in their Individual Capacity, along with the state itself, jointly and
severally for their violation of  my Rights by violation of  the federal
preemption of state jurisdiction.  In other words, the Defendant judges and
magistrates have NO judicial immunity because  the violation of my rights
was done in the complete absence of jurisdiction on Title 38.

3)      The ONLY choice open to the Court is to decide whether to grant
Punitive Judgment in the amount I have claimed or to assemble a jury to
decide on the judgment for punitive damages . See *Torres* (supra).
Sum Certain: $ 500,000   (Five hundred thousand dollars)

4)      **This Court has a duty to publish the Judgment in order to help
other families of veterans under similar circumstances by holding
states and judges liable and accountable for the violation of rights by
the violation of federal preemption.**

8

# VIII.  Conclusion and Certification

These Defendants have NO excuse or defense because they cannot say anything that might change or cancel the Federal Preemption established by the Supreme Law of the Land.

It is well settled law that Immunity does NOT exist where jurisdiction is clearly wanting. See *Bradley v. Fisher,* 80 U.S. 335 (1871); *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978), et al.

> "A distinction as to their liability made between acts done by them in excess of their jurisdiction and acts done by them in the clear absence of all jurisdiction over the subject matter." *Bradley* at 336.

> **"Where there is clearly no jurisdiction over the subject matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible."** *Bradley* at 351-352. (emphasis added)

Congress made it absolutely clear that veteran benefits are TOTALLY EXEMPT from state jurisdiction to protect our whole families, and our whole country, from lawyers and judges who corrupt the law for fun and for profit.

My experience is just one example of this nationwide failure in the court system which has cost our country billions of dollars and thousands of veteran lives to poverty and suicide.

This will very likely set a precedent that should upset over 30 years of predatory fraud and discrimination, thereby upset the profiteering focused on our military and veteran families.

It might even draw more retaliation against veterans like myself, but the Constitutional RIGHT to Due Process of Law can be enforced again and again under 42 U.S.C. § 1983.

> 'It is well -settled that "[a]n action motivated by retaliation for the exercise of a constitutionally protected right is actionable, even if the act, when taken for a different reason, might have been legitimate." *Martin v. Duffy,* 977 F.3d 294, 306 (4th Cir. 2020) (quoting *Woods v. Smith,* 60 F.3d 1161, 1165 (5th Cir. 1995)).'
> *Wilson v. Wexford Med.,* No. 3:18-cv-00890, at *46 (S.D.W. Va. Jan. 4, 2021)

**This is a time-sensitive matter because thousands of veterans are in similar danger because of the harm caused by state officials and judges who simply refuse to obey the Federal Preemption of state jurisdiction established by the Supreme Law of the Land.**

See *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63-64, (1987) and *Caterpillar, Inc. v. Williams,* 482 U.S. 386 (1987) ('**There does exist, however, an "independent corollary" to the well-pleaded complaint rule, ... known as the "complete preemption" doctrine.** ... Once an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law.') *(internal citations omitted)*

## CERTIFICATION

I hereby certify this Complaint is accurate and true to the best of my knowledge, information, and belief, per Federal Rule of Civil Procedure 11;
   (1) This Complaint is presented for clear and legitimate purpose, therefore is not to harass, cause unnecessary delay, or needlessly increase the cost of any litigation;
   (2) This Complaint is well supported by existing law and reasonable argument based on that law, therefore is is not frivolous and it is not intended to extend, modify, or reverse any existing law;
   (3) The factual contentions have evidentiary support and will very likely have more support after a reasonable opportunity for investigation and discovery; and
   (4) The Complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Respectfully submitted by:

**Derek Skellchock, Pro Se**
16316 Saint Paul St.
Thornton, CO 80602
(719) 304-1500
das7674@hotmail.com

**VeteranHope.org**
Robert Terrien, Director
PO Box 7213
Tacoma, WA 98417
253-499-5805
Contact@VeteranHope.org

**Exhibit A**


**Legal Evidence of 38 U.S.C. § 211**

**prior to the Veterans Judicial Review Act**

**as read by the Supreme Court in Rose v. Rose.**

**OFFICE OF INSPECTOR GENERAL**

All the functions, powers, and duties of the Office of ~~the~~ Veter-
~~~~ Office of ~~a~~tion, by
~~~~t of 1978
~~~~e 5, Gov-
~~~~ion 2 of
~~~~neral.

JULY 3,

All func-
~~~~ested in
~~~~e Act of
~~~~n effect

Laws of 1982

Title 38

Section 211

Before the VJRA

As read by the
Supreme Court in
Rose v. Rose
1987

Library of Congress
1982

~~RDERS~~

All rules,
~~~~rivileges
~~~~Veterans'
~~~~ffect on
~~~~ch date)
~~~~modified,
~~~~y the Ad-

~~~~aredness
functions to the Administrator of Veterans' Affairs,
see Parts 1, 29, and 30 of Ex. Ord. No. 11490, Oct. 28,
1969, 34 F.R. 17567, set out as a note under section
2251 of Title 50, Appendix, War and National Defense.

**CROSS REFERENCES**

Compensation of Administrator, see section 5313 of
Title 5, Government Organization and Employees.
Compensation of Deputy Administrator, see section
314 of Title 5.

**§ 211. Decisions by Administrator; opinions of Attorney General**

(a) On and after October 17, 1940, except as
provided in sections 775, 784, and as to matters
arising under chapter 37 of this title, ==the decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision== by an action in the nature of mandamus or otherwise.

(b) The Administrator may require the opinion of the Attorney General on any question of
law arising in the administration of the Veterans' Administration.

(Pub. L. 85–857, Sept. 2, 1958, 72 Stat. 1115;
Pub. L. 89–214, § 1(b), Sept. 29, 1965, 79 Stat.
886; Pub. L. 89–358, § 4(h), Mar. 3, 1966, 80 Stat.
24; Pub. L. 91–376, § 8(a), Aug. 12, 1970, 84 Stat.
790.)

**AMENDMENTS**

1970—Subsec. (a). Pub. L. 91–376 substituted provisions that on or after Oct. 17, 1940, except as provided
in sections 775, 784, and chapter 37 of this title, the
decisions of the Administrator on any question of law
or fact under any law administered by the Veterans'
Administration providing benefits for veterans and
their dependents or survivors be final and conclusive
and no other official or any court of the United States

have power or jurisdiction to review any such decision
by an action in the nature of mandamus or otherwise,
for provisions that, except as provided in the enumerated sections, the decisions of the Administrator on
any question of law or fact concerning a claim for
benefits or payments under any law administered by
the Veterans' Administration be final and conclusive
and no other official or any court of the United States
have power or jurisdiction to review any such decision.

1966—Subsec. (a). Pub. L. 89–358 struck out references to sections 1661 and 1761.

1965—Subsec. (a). Pub. L. 89–214 inserted reference
to section 775.

**FEDERAL RULES OF CIVIL PROCEDURE**

Writ of mandamus abolished in United States district courts, but relief available by appropriate action
or motion, see rule 81, Title 28, Appendix, Judiciary
and Judicial Procedure.

**§ 212. Delegation of authority and assignment of duties**

(a) The Administrator may assign duties, and
delegate, or authorize successive redelegation
of, authority to act and to render decisions,
with respect to all laws administered by the
Veterans' Administration, to such officers and
employees as he may find necessary. Within
the limitations of such delegations, redelegations, or assignments, all official acts and decisions of such officers and employees shall have
the same force and effect as though performed
or rendered by the Administrator.

(b) There shall be included on the technical
and administrative staff of the Administrator
such staff officers, experts, inspectors, and assistants (including legal assistants), as the Administrator may prescribe.

(Pub. L. 85–857, Sept. 2, 1958, 72 Stat. 1115;
Pub. L. 89–361, § 2, Mar. 7, 1966, 80 Stat. 30.)

**AMENDMENTS**

1966—Subsec. (a). Pub. L. 89–361 empowered the Administrator, as he may find necessary, to authorize the
successive redelegation to officers and employees of
any authority delegated by the Administrator to act
and render decisions with respect to laws administered
by the Veterans' Administration, and provided that
acts and decisions performed within the limitations of
such redelegations shall have force and effect as
though performed or rendered by the Administrator.

**§ 213. Contracts and personal services**

The Administrator may, for purposes of all
laws administered by the Veterans' Administration, accept uncompensated services, and enter
into contracts or agreements with private or
public agencies or persons (including contracts
for services of translators without regard to any
other law), for such necessary services (including personal services) as he may deem practicable. The Administrator may also enter into contracts or agreements with private concerns or
public agencies for the hiring of passenger
motor vehicles or aircraft for official travel
whenever, in his judgment, such arrangements
are in the interest of efficiency or economy.

(Pub. L. 85–857, Sept. 2, 1958, 72 Stat. 1115;
Pub. L. 89–785, title III, § 302, Nov. 7, 1966, 80
Stat. 1376; Pub. L. 91–24, § 2(c), June 11, 1969,
83 Stat. 33.)

**Exhibit B**

**Summary of Rose v. Rose**

**showing the holding**

**and the ruling on 38 U.S.C. § 211**

ROSE *v.* ROSE                                      619

Syllabus

# ROSE *v.* ROSE ET AL.

## APPEAL FROM THE COURT OF APPEALS OF TENNESSEE

No. 85–1206.   Argued March 4, 1987—Decided May 18, 1987

Appellant, a totally disabled veteran whose main source of income is fed-
eral veterans' benefits, was held in contempt by the state trial court for
failure to pay child support, the amount of which had been fixed by the
court after considering appellant's benefits to be income under a Tennes-
see statute.   The State Court of Appeals affirmed, rejecting appellant's
contention that the Veterans' Administration (VA) has exclusive juris-
diction to specify payments of child support from the disability benefits
it provides.   The court determined that Congress intended disability
benefits to support the beneficiary *and his dependents*, and held that the
trial court's order directing appellant to pay a portion of those benefits as
child support or be held in contempt did not undermine a substantial fed-
eral interest.

*Held:*  A state court has jurisdiction to hold a disabled veteran in contempt
for failing to pay child support, even if the veteran's only means of sat-
isfying this obligation is to utilize veterans' benefits received as com-
pensation for a service-connected disability.   The Tennessee statute, as
construed by the state courts to authorize an award of disability benefits
as child support, is not pre-empted under the Supremacy Clause of Arti-
cle VI since it does not conflict with federal law.   Pp. 625–636.

(a) Title 38 U. S. C. § 3107(a)(2), which gives the VA discretionary
authority to apportion disability compensation on behalf of a veteran's
children, is not an exclusive grant of authority to the VA to order that
child support be paid from disability benefits, and does not indicate that
exercise of the VA's discretion could yield independent child support
determinations in conflict with existing state-court orders.   Moreover,
the implementing regulations, which simply authorize apportionment if
"the veteran is not reasonably discharging his or her [child support]
responsibility . . . ," contain few guidelines for apportionment and
no specific procedures for bringing claims.   Furthermore, to construe
§ 3107(a)(2) as pre-emptive could open for reconsideration a vast number
of existing divorce decrees affecting disabled veterans and lead in future
cases to piecemeal litigation before the state courts and the VA.   Given
the traditional authority of state courts over child support, their unparal-
leled familiarity with local economic factors affecting the issue, and their
experience in applying state statutes that contain detailed support guide-
lines and procedures, it seems certain that Congress would have been

more explicit had it meant the VA's apportionment power to displace state-court authority.   Pp. 626–628.

(b) Title 38 U. S. C. § 211(a), which provides that VA decisions on benefits for veterans and their dependents are final, conclusive, and not subject to review by any other federal official or federal court, does not vest exclusive jurisdiction in the VA nor pre-empt state-court jurisdiction to enforce a veteran's child support obligation.   Section 211(a) makes no reference to *state*-court jurisdiction.   Moreover, its purpose of achieving uniformity in the administration of veterans' benefits is not threatened by state child support contempt proceedings, which do not review the disability eligibility decisions that are the primary focus of the section.   Furthermore, since the VA is not a party in a contempt proceeding, it is not subjected to an additional litigation burden, the prevention of which is also a purpose of § 211(a).   Pp. 628–630.

(c) State-court jurisdiction is not pre-empted by 38 U. S. C. § 3101(a), which provides that veterans' benefits payments made to, or on account of, a beneficiary, shall not be liable to attachment, levy, or seizure.   Neither of § 3101(a)'s purposes—to avoid the VA's being placed in the position of a collection agency and to prevent the deprivation and depletion of veterans' means of subsistence—is constrained by allowing the state courts to hold appellant in contempt.   The VA is not obliged to participate in the state proceedings or pay benefits directly to appellee. Moreover, the legislative history establishes that disability benefits are intended to provide compensation for disabled veterans *and their families*.   *Wissner* v. *Wissner*, 338 U. S. 655, *Hisquierdo* v. *Hisquierdo*, 439 U. S. 572, and *Ridgway* v. *Ridgway*, 454 U. S. 46, distinguished. Pp. 630–634.

(d) Provisions of the Child Support Enforcement Act, which provide that moneys payable by the Government to any individual are subject to child support enforcement proceedings (42 U. S. C. § 659(a)), but which specifically exclude VA disability benefits, do not establish a congressional intent to exempt such benefits from legal process.   Section 659(a) was intended to create a limited waiver of sovereign immunity so that state courts could issue valid orders directed against Government agencies attaching funds in their possession.   Thus, although veterans' disability benefits may be exempt from attachment while in the VA's hands, once they are delivered to the veteran a state court can require that they be used to satisfy a child support order.   Pp. 634–635.

Affirmed.

MARSHALL, J., delivered the opinion of the Court, in which REHNQUIST, C. J., and BRENNAN, BLACKMUN, and POWELL, JJ., joined, and in Parts I, II–A, II–B, II–D, and III of which STEVENS and O'CONNOR, JJ., joined. O'CONNOR, J., filed an opinion concurring in part and concurring in the

**Exhibit C**

**Legal Evidence of the**
**Veterans Judicial Review Act**
**amendment of 38 U.S.C. § 211**

PUBLIC LAW 100–687—NOV. 18, 1988          102 STAT. 4105

Public Law 100–687
100th Congress

## An Act

To amend title 38, United States Code, to establish certain procedures for the
adjudication of claims for benefits under laws administered by the Veterans'
Administration; to apply the provisions of section 553 of title 5, United States Code,
to rulemaking procedures of the Veterans' Administration; to establish a Court of
Veterans' Appeals and to provide for judicial review of certain final decisions of the
Board of Veterans' Appeals; to provide for the payment of reasonable fees to
attorneys for rendering legal representation to individuals claiming benefits under
laws administered by the Veterans' Administration; to increase the rates of
compensation payable to veterans with service-connected disabilities; and to make
various improvements in veterans' health, rehabilitation, and memorial affairs
programs; and for other purposes.

Nov. 18, 1988
[S. 11]

*Be it enacted by the Senate and House of Representatives of the
United States of America in Congress assembled,*

### DIVISION A—VETERANS' JUDICIAL REVIEW

Veterans'
Judicial Review
Act.

**SECTION 1. SHORT TITLE; REFERENCES TO TITLE 38, UNITED STATES
CODE.**

(a) SHORT TITLE.—This division may be cited as the "Veterans'
Judicial Review Act".

38 USC 101 note.

(b) REFERENCES.—Except as otherwise expressly provided, when-
ever in this Act an amendment or repeal is expressed in terms of an
amendment to, or repeal of, a section or other provision, the ref-
erence shall be considered to be made to a section or other provision
of title 38, United States Code.

# TITLE I—ADJUDICATIVE AND RULEMAK-
ING AUTHORITY OF THE VETERANS'
ADMINISTRATION

**SEC. 101. DECISIONS BY ADMINISTRATOR.**

(a) MATTERS TO BE DECIDED BY ADMINISTRATOR.—Subsection (a) of
section 211 is amended to read as follows:

"(a)(1) The Administrator shall decide all questions of law and fact
necessary to a decision by the Administrator under a law that
affects the provision of benefits by the Administrator to veterans or
the dependents or survivors of veterans. Subject to paragraph (2) of
this subsection, the decision of the Administrator as to any such
question shall be final and conclusive and may not be reviewed by
any other official or by any court, whether by an action in the
nature of mandamus or otherwise.

"(2) The second sentence of paragraph (1) of this subsection does
not apply to—

"(A) matters subject to section 223 of this title;
"(B) matters covered by sections 775 and 784 of this title;
"(C) matters arising under chapter 37 of this title; and

**Exhibit D**

**Legal Evidence of 38 U.S.C. § 211**

**after the Veterans Judicial Review Act**

**This statute controlled jurisdiction**

**on Title 38 from 1989 to**

**September 1, 1991**

**when § 511 became effective**

tion's obligations to those who serve will always be honored:

Laws of 1988

Title 38

Section 211

After the VJRA

Library of Congress

...the principal ...enefits and

...a potential ...illion veter- ...endents; ...l distribute ...e payments ...g, and reha- ...fiscal year ...ment's two ...h over four ...inisters the ...Nation, and ...vides burial ...eterans an-

...perates the ...re system— ...2 hospitals, ...home care ...health-care ...the medical ...e in time of war or national emergency involving the use of the Armed Forces in armed conflict;

"(8) in terms of share of the annual Federal budget, the Veterans' Administration ranks sixth among Federal departments and agencies, and among Federal departments and agencies only the Department of Defense employs more personnel;

"(9) the Administrator of Veterans' Affairs is the principal executive branch official responsible for the administration of the benefits, services, and programs of the Veterans' Administration and for seeking the coordination of veterans' programs administered by other Federal departments and agencies;

"(10) there is a need for greater coordination between the Veterans' Administration and other Federal entities administering veterans programs and between the Veterans' Administration and other Federal entities providing similar benefits to individuals on a basis other than their status as veterans;

"(11) by virtue of the Administrator of Veterans' Affairs not being included in the President's Cabinet, the Administrator generally is not included in Cabinet meetings and deliberations and generally does not have the ready access to the President and senior advisers on the President's staff that Cabinet members have; and

"(12) as a consequence, Presidential decisions affecting veterans and the Veterans' Administration are made from time to time without an understanding of their full impact on veterans and on the Veterans' Administration's performance of its statutory missions.

"SENSE OF THE CONGRESS

"SEC. 502. In view of the findings in section 501, it is the sense of the Congress that the Administrator of Veterans' Affairs should be designated by the President as a member of, and a full participant in all activities of, the Cabinet and as the President's principal adviser on all matters relating to veterans and their dependents."

CONTINUATION OF AUTHORITY UNDER ACT OF JULY 3, 1930

Section 4 of Pub. L. 85–857 provided that: "All functions, powers, and duties conferred upon and vested in the President and the Administrator by the Act of July 3, 1930 (46 Stat. 1016) and which were in effect on October 31, 1957, are continued in effect."

OUTSTANDING RULES, REGULATIONS, AND ORDERS

Section 7 of Pub. L. 85–857 provided that: "All rules, regulations, orders, permits, and other privileges

issued or granted by the Administrator of Veterans' Affairs before December 31, 1958, and in effect on such date (or scheduled to take effect after such date) shall remain in full force and effect until modified, suspended, overruled, or otherwise changed by the Administrator."

EMERGENCY PREPAREDNESS FUNCTIONS

For assignment of certain emergency preparedness functions to the Secretary of Veterans Affairs, see Parts 1, 2, and 27 of Ex. Ord. No. 12656, Nov. 18, 1988, 53 F.R. 47491, set out as a note under section 2251 of Title 50, Appendix, War and National Defense.

CROSS REFERENCES

Compensation of Secretary of Veterans Affairs, see section 5312 of Title 5, Government Organization and Employees.

Compensation of Deputy Secretary of Veterans Affairs, see section 5313 of Title 5.

SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in section 621 of this title.

§ 211. Decisions by Administrator; opinions of Attorney General

(a)(1) The Administrator shall decide all questions of law and fact necessary to a decision by the Administrator under a law that affects the provision of benefits by the Administrator to veterans or the dependents or survivors of veterans. Subject to paragraph (2) of this subsection, the decision of the Administrator as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

(2) The second sentence of paragraph (1) of this subsection does not apply to—

(A) matters subject to section 223 [1] of this title;

(B) matters covered by sections 775 and 784 of this title;

(C) matters arising under chapter 37 of this title; and

(D) matters covered by chapter 72 of this title.

(b) The Administrator may require the opinion of the Attorney General on any question of law arising in the administration of the Veterans' Administration.

(Pub. L. 85–857, Sept. 2, 1958, 72 Stat. 1115; Pub. L. 89–214, § 1(b), Sept. 29, 1965, 79 Stat. 886; Pub. L. 89–358, § 4(h), Mar. 3, 1966, 80 Stat. 24; Pub. L. 91–376, § 8(a), Aug. 12, 1970, 84 Stat. 790; Pub. L. 100–687, div. A, title I, § 101(a), Nov. 18, 1988, 102 Stat. 4105.)

REFERENCES IN TEXT

Section 223 of this title, referred to in subsec. (a)(2)(A), probably refers to the section 223 "Rulemaking; procedures and judicial review" of this title which was enacted by section 102(a) of Pub. L. 100–687.

AMENDMENTS

1988—Subsec. (a). Pub. L. 100–687 amended subsec. (a) generally. Prior to amendment, subsec. (a) read as follows: "On and after October 17, 1940, except as provided in sections 775, 784, and as to matters arising

[1] See References in Text note below.

JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Derek Skelchock and VeteranHope.org, on behalf of the USA and other veterans under similar circumstances

**(b)** County of Residence of First Listed Plaintiff   Larimer
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

16316 Saint Paul St., Thornton, CO 80602,
(719) 304-1500

## DEFENDANTS

Judge Laurie K. Dean, et al., and
The State of Colorado

County of Residence of First Listed Defendant   Larimer
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS

**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983 based on federal preemption established by 38 U.S.C. § 511 and rights established by § 5301

Brief description of cause:
Enforcement of due process by holding individual Defendants liable for violation of clear federal immunity

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   $500,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   04/02/2024

SIGNATURE OF ATTORNEY OF RECORD   *Derek Skellchock*

---

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____